IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) MARK RAYMOND, an Individual,

      Plaintiff,

v.

(1) AMERICAN MERCURY INS. CO., a
Foreign Corporation,

    Defendant.

Case No. 20-cv-00122-JED-CDL

## PLAINTIFF'S MOTION TO COMPEL

COMES NOW the Plaintiff, Mark Raymond ("Raymond" or "Plaintiff"), asks the Court to compel Defendant American Mercury Ins. Co. ("AMIC" or "Defendant") to fully respond to Plaintiff's discovery requests. Despite the order of this Court permitting discovery (Dkt. # 24), AMIC has wholly failed and refused to respond to any of Plaintiff's discovery requests substantively. This Court should compel Plaintiff to respond. In support of his motion, Plaintiff states the following:

## COMPLIANCE WITH LCvR37.1

Plaintiff hereby certifies that, on April 30, 2021, counsel for the parties participated conference by telephone regarding the issues raised herein. Both parties conducted the conference in good faith, but the parties were unable to reach an agreement on the issues identified herein, necessitating the instant motion.

## INTRODUCTION

Plaintiff was seriously and permanently injured in a motor vehicle accident caused by the negligence of Larry Bedell while in the course and scope of Bedell's employment with BlueKnight

Energy Partners, LP (collectively, "Tortfeasor"). *See* Complaint, Dkt. # 2, ¶¶ 7-8. Plaintiff was insured under a policy of uninsured/underinsured motorist insurance ("UIM") coverage written by AMIC at the time of the accident. *Id.* at ¶ 9. The Tortfeasor's primary liability coverage limits were $1,000,000.00, and the limits of the AMIC UIM policy were also $1,000,000.00. *Id.* at ¶¶ 10, 12. It is undisputed that the commercial energy company had assets beyond its liability coverage limits. Plaintiff sought benefits under the AMIC policy pursuant to *Burch v. Allstate*, 1998 OK 129, 977 P.2d 1057, and AMIC provided Plaintiff with $500,000.00 in UIM benefits. *Id.* at ¶ 12. Because his loss clearly exceeded the $500,000 UIM benefits, Plaintiff proceeded against the Tortfeasor in Oklahoma State Court ("Third-Party Lawsuit"). *Id.* at ¶ 13. AMIC intervened in the Third-Party Lawsuit in September 2012 asserting a right to subrogate against the Tortfeasor for the $500,000 it had paid. *Id.* at ¶ 14.

Plaintiff vigorously litigated the Third-Party Lawsuit for over a year and eventually forced the Tortfeasor to mediation on August 21, 2013. *Id.* at ¶ 15. AMIC was present at the mediation. *Id.* At mediation, due to Plaintiff's vigorous litigation efforts, Plaintiff secured an agreeable Settlement Offer from the Tortfeasor that, when combined with the UIM benefits previously provided by AMIC, was sufficient to compensate him for his damages. *Id.* at ¶¶ 15-16. The Settlement Offer exceeded the combined amount of the Tortfeasor's primary automotive liability insurance limits and the limits of AMIC's UIM policy. However, AMIC refused to waive its purported interest in the settlement funds and allow Plaintiff to accept the Settlement Offer. Instead, AMIC insisted it was entitled to reimbursement from the settlement amount for the entire $500,000.00 it had paid without any consideration of or contribution for the costs Plaintiff incurred in securing the Settlement Offer.  Plaintiff was compelled to accept the Settlement Offer at mediation lest it be withdrawn.

Because AMIC refused to waive its purported subrogation interest, and because AMIC failed to substitute the Settlement Offer made by the Tortfeasor, Plaintiff had no choice but to accept the same subject to litigating AMIC's purported interest. *Id.* at ¶ 17. AMIC insisted that $500,000 of the total Settlement Funds be provided to its counsel and held in trust. *Id.* Plaintiff vigorously disputed that AMIC had any interest in the Settlement Funds and consistently maintained that AMIC's assertion of such interest was unreasonable, inconsistent with established Oklahoma law, and a breach of its duty of good faith and fair dealing. *Id.* The end result of the litigation was a final judgment determining that, in fact, AMIC did not have any valid interest in the settlement funds was rendered more than four (4) years after mediation. *Id.* at ¶ 22. As a result of AMIC's wrongful and unreasonable assertion of an interest in the Settlement Funds to which it had no colorable interest, Plaintiff was forced to incur years of additional litigation and forced to go without the benefit of half a million dollars of his Settlement Funds during that entire period.

Plaintiff filed this action seeking damages for AMIC's wrongful and unreasonable assertion of an interest in the Settlement Funds. AMIC moved to dismiss. The Court has yet to rule on AMIC's motion. In the interim, the Court granted Plaintiff's motion for leave to conduct discovery (Dkt. # 19) allowed the parties to engage in discovery. *See* Dkt. # 24. As authorized by the Court, Plaintiff served its first Interrogatories and Requests for Production on AMIC. Contrary to the Court's discovery order, AMIC refused to engage in the discovery process and refused to substantively answer any of Plaintiff's discovery, citing its pending Motion to Dismiss.[1] However, this Court ordered discovery to proceed, and AMIC should engage in the discovery process as

---

[1]   AMIC objects to answering any discovery. AMIC objected to the temporal scope of Plaintiff's requests. Yet, during the parties' teleconference on April 30, 2021, AMIC refused to produce **any** documents or information of any kind.

ordered by the Court.  Therefore, this Court should compel AMIC to respond to Plaintiff's discovery requests.

## FACTUAL BACKGROUND AND POSTURE

1.  Plaintiff filed this action on March 25, 2020 [Dkt. 2].

2.  Defendant filed its Motion to Dismiss on April 28, 2020 [Dkt. 7].  Both parties have briefed Defendant's motion.  Defendant's motion remains pending before the Court.

3.  On August 4, 2020, Plaintiff's counsel emailed Defendant's counsel to set up a conference under Fed. R. Civ. Pro. 26(f) so the parties could initiate discovery.  *See* Email from J. Warren to Defendant's counsel attached hereto as Exhibit 1.  The same day, Defendant's counsel responded that they would get back to Plaintiff's counsel on the request.  *See id.*  Defendant's counsel never got back to Plaintiff's counsel as promised.

4.  On October 7, 2020, Plaintiff's counsel again emailed Defendant's counsel to set up a conference under Fed. R. Civ. Pro. 26(f).  *See* Email from D. Vanderhoof to Defendant's counsel attached hereto as Exhibit 2.  Again, Defendant's counsel did not respond.

5.  On October 28, 2020, Plaintiff filed his Motion for Leave to Conduct Discovery.  *See* Dkt. # 19.

6.  December 3, 2021, Magistrate Judge Little held a hearing on Plaintiff's Motion for Leave to Conduct Discovery.  Magistrate Judge Little granted Plaintiff's motion and ordered that the parties can exchange discovery. *See* Dkt. #24.

7.  On February 2, 2021, Plaintiff served his first discovery requests on AMIC. *See* Discovery Requests attached hereto as Exhibit 3.

8.      On April 21, 2021, AMIC served its responses.  In its responses, AMIC refused to engage in discovery and refused to provide any substantive answers citing its pending motion to dismiss.  *See* Responses attached hereto as Exhibit 4.

9.      AMIC did not seek any protection from the Court prior to the date its discovery responses were due to relieve it from its discovery obligations under the Federal Rules of Civil Procedure.

## ARGUMENT AND AUTHORITIES

AMIC is doing everything it can to avoid engaging in the discovery process.  When Plaintiff filed his Motion for Leave to Conduct Discovery (Dkt. #19), the case had been pending for seven (7) months and Plaintiff has been requesting a Rule 26(f) conference for two (2) months without any answer or response from AMIC.  After the Court entered its order granting Plaintiff's Motion for Leave, Plaintiff expeditiously moved to begin the discovery process.  Yet Defendant has objected to producing any discovery responses while its Motion to Dismiss is pending. Defendant's position is counter to the Court's December 3, 2020 Order (Dkt. # 24) and prevailing law.  *See Martin v. Amvest Osage, Inc.*, No. 04-CV-572-HDC-PJC, 2005 WL 8174894, at *2 (N.D. Okla. May 9, 2005) ("discovery should not be stayed even though a motion to dismiss is pending"); *see also Stephenson Oil Co. v. Citgo Petroleum Corp.*, No. 08-CV-380-TCK-SAJ, 2008 WL 5412816, at *2 (N.D. Okla. Dec. 30, 2008) (stays of discovery pending dispositive not routinely granted); *TSM Assoc's, LLC v. Tractor Supply Co.*, No. 08-CV-230-JHP-FHM, 2008 WL 2404818, at *1 (N.D. Okla. June 11, 2008) (denying stay of discovery and permitting depositions before Rule 26(f) conference).

Additionally, by lodging the same objection over and over regardless of the discovery request at issue, AMIC has done nothing more than assert meaningless boilerplate objections.

Courts have been clear that the use of "boilerplate objections regurgitating words and phrases" are completely unacceptable. *Howard v. Segway, Inc.*, 2013 WL 869955 at *3 (N.D. Okla. March 7, 2013). Specifically, Courts have held that "broad boilerplate objections are waived if they are not asserted with specificity and if no factual basis for the objection is provided." *Perez v. El Tequila LLC*, 2014 WL 5341766 *2 (N.D. Okla. Oct. 20, 2014). In this case, by lodging the same broad-based objections regardless of the request, AMIC has waived its objections.  As such, this Court should compel AMIC to provide full and complete responses to Plaintiff's discovery requests.

## CONCLUSION

WHEREFORE, premises considered, Plaintiff prays this Court grant Plaintiff's Motion to Compel and for such further relief as Plaintiff may be entitled.

Respectfully submitted,

SMOLEN | LAW, PLLC

/s/Dustin J. Vanderhoof
Donald E. Smolen, II, OBA #19944
Lawrence R. Murphy, Jr., OBA #17681
Laura L. Hamilton, OBA #22619
Dustin J. Vanderhoof, OBA #21388
611 S. Detroit Ave.
Tulsa, OK 74120
P: (918) 777-4LAW (4529)
F: (918) 890-4529
don@smolen.law
larry@smolen.law
laura@smolen.law
dustin@smolen.law
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of May, 2021, the above and foregoing was submitted electronically to the Clerk of Court for filing and for transmittal of a Notice of Electronic Filing to all counsel of record herein.

/s/Dustin J. Vanderhoof