IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) MARK RAYMOND, an Individual,

Plaintiff,

v.

(1) AMERICAN MERCURY INS. CO., a
Foreign Corporation,

Defendant.

Case No. 20-cv-00122-JED-CDL

**PLAINTIFF'S REPLY TO DEFENDANT'S
RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

COMES NOW the Plaintiff, Mark Raymond ("Raymond" or "Plaintiff"), and hereby submits his reply in support of his Motion to Compel (Dkt. # 27).  Following this Court's order allowing discovery (Dkt. # 24), Plaintiff submitted relevant discovery requests that went to the heart of its bad faith claims against Defendant, American Mercury Ins. Co.  ("AMIC"), *i.e.*, what did AMIC know at the time it wrongfully asserted its subrogation interest.  In response to that relevant discovery, AMIC refuses to engage in any discovery whatsoever and failed to respond to any requests or interrogatories. This Court should compel AMIC to respond.  In support of his reply, Plaintiff states the following:

**ARGUMENT AND AUTHORITIES**

**SCOPE OF DISCOVERY**

It is well established that discovery under the Federal Rules is limited only by relevance and burden. *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975); *see also, AG Equip. Co. v. AIG Life Ins. Co.*, 2008 U.S. Dist. LEXIS 99915 (Okla. N.D. 2008) ("At the discovery phase of litigation, 'relevancy' is broadly construed and a request for discovery should

be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."). Discovery is generally relevant and discoverable if it seeks information pertinent to allegations in the pleadings. *See*, Fed. R. Civ. P. 26(b)(1) (emphasis added).

## I.   AMIC FAILED TO SUBSTANTIVELY RESPOND TO ANY OF PLAINTIFF'S DISCOVERY REQUESTS

AMIC first complains that Plaintiff has not set out verbatim every discovery request at issue in its motion to compel.  While LCvR37-2(d) does require a "verbatim recitation of each interrogatory, request, answer, response and objection which is the subject of the motion," such requirement can be met, as it was here, by attaching a copy of the requests and responses at issue. *See* Dkt. # 27-4. As shown in its discovery responses, AMIC has refused to engage in the discovery process and **refused to substantively respond to *each and every one* of Plaintiff's discovery requests.**  Plaintiff takes issue with AMIC's objections and failures to every request. Plaintiff merely wants AMIC to comply with this Court's order allowing discovery and provide actual, substantive responses to Plaintiff's requests.

## II.   AMIC WAIVED ITS OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUESTS

AMIC waived any argument that Plaintiff's discovery requests are too broad, burdensome, or irrelevant with its untimely responses. A brief history of Plaintiff's requests demonstrates that AMIC waived any objections:

1. After obtaining leave from the Court over AMIC's objection, Plaintiff served his first discovery requests on Defendant on February 2, 2021. *See* Dkt. # 27-3.

2. On March 4, 2021, AMIC's counsel requested, and Plaintiff agreed to, an extension for AMIC to respond to Plaintiff's requests until March 22, 2021. *See* 3/4/2021 Email from T. Cooper to D. Vanderhoof (Dkt. # 30-3).

3. On March 22, 2021, AMIC's counsel *again* requested *a second* extension until April 5, 2021.  Plaintiff's counsel again agreed. *See* 3/22/2021 Email from T. Cooper to D. Vanderhoof (Dkt. # 30-2); *See* 4/7/2021 Email from D. Vanderhoof to T. Cooper (Dkt. # 30-3).

4. On April 5, 2021, AMIC failed to respond to discovery as agreed.  Plaintiff's counsel emailed AMIC's counsel and asked to set a meet and confer. *See* Dkt. # 30-3.

5. On April 14, 2021, counsel for the parties met and conferred on AMIC's tardy responses, and AMIC advised it would provide responses on April 21, 2021. *See* 4/14/2021 Email from D. Vanderhoof to T. Cooper (Dkt. # 30-4).

6. On April 21, 2021, AMIC finally provided its  so-called "responses," which fail to provide any substantive information whatsoever.  Despite being out of time, AMIC lodged numerous objections and refused to provide any substantive responses to Plaintiff's discovery citing its objection to engaging in discovery while its motion to dismiss is pending. *See* Dkt. # 27-4.

As set forth above, Plaintiff twice agreed to extensions to AMIC to provide responses to Plaintiff's requests.  Even with the extensions, AMIC failed to respond timely.  AMIC only provided its substandard responses after a meet and confer.

By failing to respond timely, AMIC waived any objections to Plaintiff's discovery requests. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").  The rule regarding waiver of objections for failure to timely respond to discovery has also been held applicable to requests for production. *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 496 (D. Kan. 1998) ("Fed. R. Civ. P. 33(b)(4) provides that untimely objections are 'waived unless the party's failure to object is excused by the court for good cause shown.' The same standard applies to requests for production under Fed. R. Civ. P. 34");

3

*Marx v. Kelly, Hart, & Hallman, P.C.*, 929 F.2d 8, 12-13 (1st Cir. 1991) (upholding district court's

order that untimely objections to requests for production, including those of privilege, were waived

pursuant to Rule 34); *Krewson v. City of Qunicy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (holding

objections to production requests waived).   Federal courts have consistently held objections to

discovery are waived if not timely made because "any other result would . . . completely frustrate

the time limits contained in the Federal Rules and give a license to litigants to ignore the time

limits for discovery without any adverse consequences." *Krewson*, 120 F.R.D. at 7 (citation

omitted); *see also In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule,

when a party fails to object timely to interrogatories, production requests, or other discovery

efforts, objections thereto are waived."); *Herlihy*, 181 F.R.D. at 497.

When AMIC failed to timely object, even after two extensions, AMIC waived its objections

to Plaintiff's discovery.  The Court should therefore grant Plaintiff's Motion to Compel.

### III.   THE REQUESTS ARE CLEARLY RELEVANT AND NOT BURDENSOME.

Assuming timely objections (they were not), Plaintiff's requests are clearly relevant to

Plaintiff's claims and are not burdensome or overly broad.  Plaintiff geared its discovery requests

toward the entire course of conduct between the parties.  In a bad faith claim, that discovery is

plainly relevant.

It is well established that discovery under the Federal Rules is limited only by relevance

and burden. *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975); *see also AG Equip.

Co. v. AIG Life Ins. Co.*, 2008 U.S. Dist. LEXIS 99915 (Okla. N.D. 2008) ("At the discovery phase

of litigation, 'relevancy' is broadly construed and a request for discovery should be considered

relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."). Discovery is generally relevant and discoverable if it seeks information pertinent to allegations in the pleadings. *See* Fed. R. Civ. P. 26(b)(1).

The essence of the tort of bad faith is the insurer's unreasonable, bad faith conduct, including the unjustified withholding of payment due under a policy. *McCorkle v. Great Atlantic Ins. Co.*, 1981 OK 128, 637 P.2d 583, 587; *see also Timberlake Constr. Co. v. U.S. Fidelity and Guar. Co.*, 71 F.3d 335, 343 (10th Cir. 1995) ("'The essence of the tort of bad faith, as it is recognized in Oklahoma, is the unreasonableness of the insurer's actions.'") (quoting *Conti v. Republic Underwriters Ins. Co.*, 782 P.2d 1357, 1360 (Okla. 1989)). "[B]ad faith actions against an insurer…can only be proved by showing exactly how the company processed the claim, how thoroughly it was considered and why the company took the action it did." *Brown v. Superior Court in and for Maricopa County*, 670 P.2d 725, 734 (Ariz. 1983). To decide a claim of bad faith, the jury must be shown "the entire course of conduct between the parties." *Timmons v. Royal Globe Ins Co.*, 1982 OK 97, 653 P.2d 901, 917. Documents relating to the insurer's handling of the claim, such as correspondence and the claim file, are key to this inquiry and the need for such information is "not only substantial, but overwhelming." *Brown*, 670 P.2d at 734. (emphasis added); see also *Silva v. Fire Ins. Exchange*, 112 F.R.D. 699, 699 (D. Mont. 1986) ("Under ordinary circumstances, a first-party bad faith claim can be proved only by showing the manner in which the claim was processed . . . ").

What AMIC's agents knew and thought when AMIC pressed its subrogation interest is material to Plaintiff's bad faith claim. That includes AMIC's "entire course of conduct," not just the conduct at mediation. *See Timmons,* 653 P.2d at 917. Therefore, Plaintiff is clearly entitled to

the discovery it is seeking – even if its bad faith claim arose at and after mediation.  Therefore, the Court should overrule AMIC's specious objections and grant Plaintiff's Motion to Compel.

**CONCLUSION**

The Court should not allow AMIC to refuse to ignore the Court's order allowing discovery. The Court should order AMIC to provide full and complete answers to Plaintiff's discovery requests.

WHEREFORE, premises considered, Plaintiff prays this Court grant Plaintiff's Motion to Compel and for such further relief as Plaintiff may be entitled.

Respectfully submitted,

SMOLEN | LAW, PLLC

/s/Dustin J. Vanderhoof
Donald E. Smolen, II, OBA #19944
Lawrence R. Murphy, Jr., OBA #17681
Laura L. Hamilton, OBA #22619
Dustin J. Vanderhoof, OBA #21388
611 S. Detroit Ave.
Tulsa, OK 74120
P: (918) 777-4LAW (4529)
F: (918) 890-4529
don@smolen.law
larry@smolen.law
laura@smolen.law
dustin@smolen.law
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2021, the above and foregoing was submitted electronically to the Clerk of Court for filing and for transmittal of a Notice of Electronic Filing to all counsel of record herein.

/s/Dustin J. Vanderhoof