# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MARK RAYMOND, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>(1) AMERICAN MERCURY INSURANCE COMPANY, AN OKLAHOMA CORPORATION,<br><br>Defendant. | Case No. 4:20-CV-122-JFH-CDL<br>*Hon. John F. Heil III* |

## DEFENDANT AMERICAN MERCURY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant American Mercury Insurance Company ("Mercury"), per the Court's order granting Mercury's *Motion for Leave to File Answer Out of Time*, Doc. 63, hereby denies each and every allegation contained in Plaintiff Raymond's Complaint therein unless specifically admitted in this answer, and for further response, alleges and states as follows:

## ALLEGED PARTIES, JURISDICTION AND VENUE

1. Mercury is without sufficient knowledge or information to respond to the allegation contained in paragraph 1.

2. Objection. The allegations in paragraph 2 violate Fed. R. Civ. P. 10(b). Without waiving that objection, Mercury admits it is a domestic corporation under the laws

of the State of Oklahoma. Mercury further admits it does business within the confines of the Northern District of Oklahoma. All other allegations in paragraph 2 are denied.

3. Mercury denies as phrased the allegations in paragraph 3.

4. Mercury is without sufficient knowledge or information to respond to the allegations contained in paragraph 4, but denies wrongdoing.

5. Mercury denies as phrased the allegations in paragraph 5.

## ALLEGED FACTS COMMON TO ALL CLAIMS

6. In response to paragraph 6, Mercury adopts and incorporates its responses to paragraphs 1-5.

7. Objection. The allegations in paragraph 7 violate Fed. R. Civ. P. 10(b). Without waiving that objection, Mercury admits the allegations in paragraph 7.

8. Mercury admits the allegations in paragraph 8.

9. Mercury admits the allegations in paragraph 9.

10. Mercury admits the allegations in paragraph 10.

11. In response to the allegations in paragraph 11, Mercury admits Plaintiff requested that Mercury pay benefits under an existing underinsured motorist policy issued by Mercury. Mercury further admits the value of Plaintiff's claim clearly exceeded the tortfeasor's primary liability policy limits. The remaining allegation in paragraph 11, a reference to *Burch v. Allstate*, 1998 OK 129, 977 P.2d 1057, is a statement of law to which no response is required.

12. Objection. The allegations in paragraph 12 violate Fed. R. Civ. P. 10(b). Without waiving that objection, Mercury admits that, with the agreement of both Plaintiff

and the estate of the driver, it made a payment of $500,000.00 to Plaintiff and a payment of $500,000.00 to the estate of the driver of the vehicle in which Plaintiff was riding as a passenger, satisfying the entirety of the $1,000,000.00 available under the applicable UM policy. Mercury further admits it stated that it would "retain [Mercury's] rights of subrogation and contribution in regards to these claims." All other allegations in paragraph 12 are denied as phrased.

13. Objection. The allegations in paragraph 13 violate Fed. R. Civ. P. 10(b). Without waiving that objection, Mercury admits that Plaintiff filed a lawsuit in Woodward County District Court captioned *Vonda Raymond, Guardian of Mark Raymond, an incapacitated adult, Plaintiff v. Larry Bedell, an Individual, and BlueKnight Energy Partners, LP, a Foreign Corporation*, with the case number CJ-2012-70. Mercury further admits the aforementioned case was transferred to Harper County District Court and was assigned the case number CJ-2012-13 (hereinafter the "Underlying Lawsuit"). Mercury is without sufficient knowledge or information to respond to the remaining allegations in paragraph 13.

14. In response to the allegations in paragraph 14, Mercury admits that it filed a *Petition for Intervention* in the Underlying Lawsuit and contended that it was entitled to reimbursement of the $500,000.00 paid to Plaintiff Raymond under 36 O.S. § 3636(F). Mercury denies as phrased all other allegations in paragraph 14 and denies wrongdoing.

15. Objection. The allegations in paragraph 15 violate Fed. R. Civ. P. 10(b). Without waiving that objection, and in response to the allegations in paragraph 15, Mercury admits that a mediation of the Underlying Lawsuit was held and that Mercury attended the

mediation. Mercury further admits it maintained its position that it was entitled to reimbursement of the $500,000.00 that it paid to Plaintiff. Mercury is without sufficient knowledge or information to respond to the remaining allegations in paragraph 15, but generally denies wrongdoing.

16. In response to the allegations in paragraph 16, Mercury admits that the mediation of the Underlying Lawsuit resulted in a settlement with the tortfeasor(s) in the Underlying Lawsuit. Mercury denies as phrased the remaining allegations in paragraph 16 and generally denies wrongdoing.

17. Objection. The allegations in paragraph 17 violate Fed. R. Civ. P. 10(b). Without waiving that objection, Mercury denies the allegations in paragraph 17 and generally denies wrongdoing.

18. Objection. The allegations in paragraph 18 violate Fed. R. Civ. P. 10(b). Without waiving that objection, and in response to the allegations in paragraph 18, Mercury admits it filed a *Motion to Determine Allocation of Settlement Funds* in the Underlying Lawsuit after the mediation. Mercury otherwise defers to the language used in the aforementioned *Motion*, denies as phrased Plaintiff's summary of the *Motion*, and generally denies wrongdoing.

19. Mercury denies as phrased the allegations in paragraph 19.

20. In response to the allegations in paragraph 20, Mercury admits that in April 2015, the Harper County District Court entered an order allocating to Mercury the disputed settlement funds in the Underlying Lawsuit, thus requiring Plaintiff Raymond to reimburse

to Mercury the disputed $500,000.00. Mercury denies all other allegations in paragraph 20 and generally denies wrongdoing.

21. In response to the allegations in paragraph 21, Mercury admits that Plaintiff Raymond filed an appeal of the Harper County District Court's order allocating settlement funds in the Underlying Lawsuit.

22. In response to the allegations in paragraph 22, Mercury admits that in October 2017, the Oklahoma Supreme Court, in a 5-4 decision that contained a written dissent, reversed the Harper County District Court's order allocating settlement funds. Mercury further states that the Oklahoma Supreme Court also reversed and vacated a September 2016 opinion from the Oklahoma Court of Civil Appeals' affirming the Harper County District Court's order allocating settlement funds. The remaining allegation in paragraph 22, a reference to *Raymond v. Taylor*, 2017 OK 80, 412 P.3d 1141, is a case citation to which no response is required.

23. Mercury admits the allegations in paragraph 23 but denies wrongdoing.

## ALLEGED CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

24. In response to paragraph 24, Mercury adopts and incorporates its responses to paragraphs 1-23.

25. In response to the allegations in paragraph 25, Mercury admits that Plaintiff Raymond was, at the time of the underlying accident, an insured under an underinsured motorist insurance policy issued to Plaintiff Raymond's employer.

26. Mercury admits the allegations in paragraph 26.

27. Mercury admits the allegations in paragraph 27.

28. Mercury denies the allegations in paragraph 28.

29. Mercury denies the allegations in paragraph 29.

## COUNT II – BREACH OF CONTRACT

30. In response to paragraph 30, Mercury adopts and incorporates its responses to paragraphs 1-29.

31. Mercury denies the allegations in paragraph 31.

32. Mercury denies the allegations in paragraph 32.

## COUNT III – PUNITIVE DAMAGES

33. In response to paragraph 33, Mercury adopts and incorporates its responses to paragraphs 1-32.

34. Mercury denies the allegations in paragraph 34.

35. Mercury denies the allegations in paragraph 35.

36. Mercury denies the allegations in paragraph 36.

37. Mercury denies any and all allegations in the "wherefore" paragraph on page 6 of Plaintiff's Complaint.

## **DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted against Mercury.

2. Mercury has acted in good faith toward Plaintiff at all times pertinent.

3. Mercury has performed its obligations to Plaintiff within the terms and conditions of the applicable policy and by timely investigating Plaintiff's claim.

4. Mercury operated upon information provided by Plaintiff and the state of case law at the relevant times and thus had a legitimate basis for all decisions made regarding the underlying insurance policy.

5. Mercury performed its handling of Plaintiff's claim in accordance with the provisions of the policy and Oklahoma law as it existed at the time of the facts in question.

6. A legitimate dispute with respect to Mercury's subrogation rights against the underlying tortfeasor's excess policy existed at the time Plaintiff sought underinsured motorist benefits from Mercury, and as such, Plaintiff's bad faith claim against Mercury is barred.

7. At the time Plaintiff sought underinsured motorist benefits from Mercury, there was no Oklahoma case law prohibiting an underinsured motorist insurer from invoking its right of subrogation against an underlying tortfeasor's excess policy.

8. Plaintiff's contractual recovery from Mercury, if any, is limited by the limits of the policy.

9. Plaintiff is not entitled to recover attorney fees and costs.

10. Mercury has not breached any contract with Plaintiff but has fully complied with the terms of the policy.

11. Plaintiff has not suffered damages as a result of any conduct of Mercury. Any damages suffered by Plaintiff were not proximately caused by any act or omission of Mercury or any breach of any legal duty by Mercury.

12. Plaintiff is not entitled to pre or post-judgment interest.

13. For further answer or defense, Mercury states that the facts of this case do

not warrant a punitive damage instruction.

14. For further answer or defense, Mercury states that Plaintiff's claims for punitive damages should be stricken on the following grounds.

    A. Consideration of any punitive damages in this civil action would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Oklahoma Constitution in that:

        i. Consideration of punitive damages in this action would allow standard-less discretion to the jury to determine punishment, depriving Defendant of prior notice of the consequences of its alleged actions.

        ii. The admission of any evidence directly to the jury concerning Defendant's assets or net worth will create an undue risk of an improper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive damages, and the measure of punitive damages.

        iii. Punitive damages by their very nature constitute punishment and are a quasi-criminal sanction for which the burden of proof should not be less than "beyond a reasonable doubt," not merely "clear and convincing evidence" or a "preponderance of the evidence."

    B. An award of punitive damages, if allowed, would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and the Oklahoma Constitution in that punitive damages would constitute an excessive fine upon Defendant.

C. Punitive damages are punishment, a quasi-criminal sanction, for which Defendant is not afforded the specific procedural safeguards prescribed by the Fourth, Fifth and Sixth Amendments of the United States Constitution and the Oklahoma Constitution.

15. In the alternative, Mercury asserts the applicability of any punitive damages cap statute, including Okla. Stat. tit. 23, § 9.1.

16. For further answer or defense, Mercury asserts that any award of punitive or exemplary damages against it is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S.Ct. 1513 (2003).

17. If there are any material allegations which Mercury has not denied which adversely affect its rights, it is here and now denied the same.

18. Venue is improper in this judicial district.

19. This court lacks subject-matter jurisdiction over Plaintiff's claims.

20. This court lacks personal jurisdiction over this Defendant.

21. Plaintiff's failure to plead his claims as compulsory counterclaims in the Underlying Lawsuit means those claims are barred.

22. Plaintiff's claims are barred by the doctrine of claim preclusion.

23. Mercury reserves the right to amend this answer to include additional affirmative defenses upon the completion of discovery.

24. Mercury demands a jury trial in accordance with its rights under the U.S. and Oklahoma Constitutions.

WHEREFORE, Defendant American Mercury Insurance Company respectfully requests this Court dismiss this action, or, in the alternative, that judgment be rendered in its favor together with costs, attorney fees and such other relief to which it may be entitled.

Date: February 10, 2023

Respectfully submitted,

**PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, L.L.P.**

s/ Jeffrey C. Hendrickson
Amy Bradley-Waters, OBA No. 16480
907 South Detroit Avenue
Tulsa, Oklahoma 74120
Telephone: 918-583-8100
Facsimile: 918-583-8107
abradley-waters@piercecouch.com

– and –

Jeffrey C. Hendrickson, OBA No. 32798
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: 405-235-1611
Facsimile: 405-235-2904
jhendrickson@piercecouch.com

*Attorneys for Defendant*
*American Mercury Insurance Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on **February 10, 2023**, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all counsel of record who have entered their appearance in this case.

                                        s/Jeffrey C. Hendrickson
                                        Jeffrey C. Hendrickson