# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MARK RAYMOND, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>(1) AMERICAN MERCURY INSURANCE COMPANY, an Oklahoma corporation,<br><br>Defendant. | Case No. 4:20-CV-122-JFH-CDL<br>*Hon. John F. Heil III* |

## AMERICAN MERCURY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW the Defendant American Mercury Insurance Company, and responds to Plaintiff's Motion to Compel (Document. 99) as follows:

## I.   INTRODUCTION

American Mercury Insurance Company ("AMIC") was Plaintiff's Uninsured Motorist ("UM") carrier. Plaintiff and the driver of the vehicle in which Plaintiff was riding were injured, and Plaintiff's driver passed away after an accident caused by a third party who was in the course and scope of his employment at the time of the accident in July 2012. The tortfeasors had $1 million in primary liability limits, and $4 million in excess liability limits. AMIC tendered all UM coverage available under its policy ($1 million), allocating $500,000.00 to Plaintiff and the other occupant of the vehicle, subject

to retaining its right of subrogation (a right which was supported by the insurance contract and Oklahoma's UM statute at the time Plaintiff's UM claim was made).

Plaintiff's sole allegation against AMIC in this case is that it intervened in the underlying tort lawsuit and "wrongfully asserted" an "invalid and unreasonable subrogation interest" at a mediation in August 2013. AMIC has produced the relevant portions of its claim file in this matter, namely, the claim file materials generated after the mediation, and confidential documents, such as claim handling guidelines and personnel files. Since Plaintiff has limited the time-period as to when AMIC allegedly engaged in the claimed bad faith conduct, Plaintiff is only entitled to the claim file materials that have been produced in discovery in this matter. Further, the claim file materials Plaintiff seeks contain confidential attorney-client communications with a lawyer not affiliated with the Rhodes Hieronymus firm, and who was not involved in the subrogation claim and litigation. In addition, no LCvR 37 conference took place prior to Plaintiff filing his motion. For those reasons. Plaintiff's motion should be denied.

## II. ARGUMENT AND AUTHORITIES

**NO MEET AND CONFER MEETING TOOK PLACE PRIOR TO PLAINTIFF FILING HIS MOTION**

LCvR 37-1 states the following:

> This court will not hear any motions or objections relating to discovery under Fed.R.Civ.P. 26 through 37 or 45, unless counsel for movant first advises the Court in writing that counsel for all parties to the dispute have personally met and conferred in good faith, and after a sincere attempt to resolve differences, have been unable to reach an accord.

There was no personal meeting between Plaintiff's counsel and the undersigned counsel to address this discovery dispute as required by the local rules. Plaintiff's counsel never requested a personal meeting to discuss this discovery dispute before the motion was filed.

### PLAINTIFF SEEKS DOCUMENTS THAT ARE UNRELATED TO HIS CLAIM THAT AMIC WRONGFULLY SOUGHT TO PURSUE ITS SUBROGATION RIGHTS AT THE MEDIATION

In this case, Plaintiff seeks the production of the claim file materials that are unrelated to the sole issue of this case: AMIC's intervention in the underlying tort lawsuit to assert a subrogation claim for Uninsured Motorist funds that were paid to the Plaintiff.

Rule 26(b)(1) states:

> (1) *Scope in General.* Unless otherwise limited by Court Order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is **relevant** to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden and expense of proposed discovery outweighs its likely benefit. Information need not be admissible in evidence to be discoverable (emphasis added)

The 10th Circuit has ruled that discovery is not intended to be a "fishing expedition." *Koch v. Koch Indus., Inc.,* 203 F.3d, 1202, 1238 (10th Cir. 2000). "Information sought in discovery requests must be tethered to the claims and defenses and proportional to the needs of the case. Fed. R. Civ P. 26 (b)1. Thus, 'broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant. *Gomez v. Martin Marietta Corp.*, 50 F.3d, 1511, 1520 (10th Cir. 1995). "When the requested information appears to be relevant, the party objecting to

discovery has the burden to establish the information is irrelevant by demonstrating the information does not come within the scope of relevance as defined by Fed. R. Civ. P. 26 (b)(1), or is of such marginal relevance that the harm in producing the information outweighs the presumption in favor of broad disclosure." *Paycom Software Inc. vs. Travelers Casualty and Surety Company of America,* 2022 WL 16702474

In this case, Plaintiff is **not** claiming that AMIC breached the duty of good faith and fair dealing in failing to timely pay UM benefits. Further, Plaintiff has represented to the undersigned counsel and this Court that his claim against Mercury arose when Mercury engaged in the litigation conduct of standing on its subrogation rights. "The question in *this* case is whether it was *reasonable* for AMIC to *assert* a $500,000.00 interest in the settlement funds *at and after mediation*, and to force Plaintiff to go without such funds for years while the parties trudged through litigation." (See Document 11, Page 11). Further, "Plaintiff has affirmatively represented to the Court that his claim against AMIC did not arise until AMIC engaged in the litigation conduct of standing on its subrogation rights at the August 21, 2013 mediation." (See Document 31, Page 17).

### III.    CONCLUSION

Based on Plaintiff's representations to the undersigned counsel and this Court, it is clear that the genesis of Plaintiff's claim is AMIC's alleged bad faith conduct at the 2013 mediation, by asserting a subrogation interest in the underlying tort litigation. Plaintiff has made it clear that he is *not* asserting that AMIC acted in bad faith prior to the mediation. As such, the claim file materials Plaintiff seeks are not relevant, and not

proportional to the needs of the case. As such, Plaintiff's quest for documents that are unrelated to his claim presented in this case should be denied in its entirety.

Respectfully submitted,

**PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, L.L.P.**

*s/ Amy Bradley-Waters*
Amy Bradley-Waters, OBA No. 16480
P.O. Box 239
Tulsa, Oklahoma 74101
Telephone: 918-583-8100
Facsimile: 918-583-8107
abradley-waters@piercecouch.com

– and –

Jeffrey C. Hendrickson, OBA No. 32798
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: 405-235-1611
Facsimile: 405-235-2904
jhendrickson@piercecouch.com

*Attorneys for Defendant*
*American Mercury Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all counsel of record who have entered their appearance in this case.

*s/ Amy Bradley-Waters*